FILED
United States Court of Appeals
Tenth Circuit

February 12, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MIGUEL ANGEL GUTIERREZ-
CARRANZA,

     Defendant - Appellant.

No. 15-7056
(E.D. Oklahoma)
(D.C. No. 6:13-CR-00075-JHP-1)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Mr. Miguel Angel Gutierrez-Carranza was convicted on federal charges and faced unrelated charges in Mexico. After the federal conviction, he requested extradition to Mexico and the district court denied the request based on a "lack of jurisdiction." R. vol. I, at 7. We affirm.

_____

[*]     Mr. Gutierrez-Carranza requests oral argument, but we conclude that oral argument would not be helpful. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

The defendant had no power to initiate his own extradition. The court's power to order extradition derives from 18 U.S.C. § 3184. Under § 3184, a district court can initiate extradition proceedings only after the federal government files a sworn complaint for extradition based on a request from a foreign jurisdiction. 18 U.S.C. § 3184; *see Grin v. Shine*, 187 U.S. 181, 186 (1902) (recognizing, with respect to a virtually identical predecessor to § 3184, that "a complaint must be made under oath charging the crime" for which extradition is sought). Therefore, extradition could take place only after the government filed a complaint based on a request from Mexico to extradite Mr. Gutierrez-Carranza. 18 U.S.C. § 3184; *see also* Extradition Treaty Between the United States of America and the United Mexican States, Mex.-U.S., art. 10, May 4, 1978, 31 U.S.T. 5059 (obligating the United States to seek extradition after receiving an extradition request from Mexico).

Mexico never requested the extradition of Mr. Gutierrez-Carranza; accordingly, the government never filed a complaint seeking extradition

under § 3184. In these circumstances, the district court had no authority to order extradition. Thus, we affirm.[1]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1] The district court described the defect in the claim as jurisdictional. R. vol. I, at 7. But "a rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction." *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011). Mr. Gutierrez-Carranza's claim fails because the district court lacked statutory authority to initiate extradition proceedings, not because the district court lacked subject-matter or personal jurisdiction.